[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case was originally an action for legal separation which was amended by agreement to seek a dissolution of marriage. The return date was September 28, 1999. The complaint alleges that the parties were married on February 14, 1987 in Connecticut. There are two children of the marriage, Erica Engelgau, who was born on July 1, 1995 and Ashley born July 14, 1986. Both parties have resided in the State of Connecticut for 12 months preceding the date of the filing of this action and finally the complaint alleges that the marriage has broken down irretrievably.
Based upon the testimony of the parties, the court finds the following:
The allegations of the complaint have been proven as stated in the body of the complaint. The plaintiff is presently 36 years of age. She has been employed as a cocktail waitress at the casino prior to and during the course of the marriage. Her wages, including tips are provided on her financial affidavit. She has changed her shift, but now works Sunday through Thursday from 10:00 a.m. to 4:00 p.m. She indicates that she is on her feet all day at work and that it has an effect upon her hips. She indicates that she suffers from arthritis in her hips and has pain in her hip joints. She also has attended Mohegan College since 1990. She has taken a number of classes related to hotel management and she hopes to finish her degree so that she can change the nature of her employment.
The defendant is 38 years of age. He is a graduate from a technical high school and has worked as an automobile mechanic, prior to the time of the marriage. He has worked also at the casino. He is presently a "slot tech shift manager" making $23.04 per hour. He has received a bonus as a casino manager in the amount of $600.00, which was paid to him in April of this year. He is employed Monday through Friday from 4:00 a.m. until noon time. He is also a tribal member and as such receives an annual payment of $10,000.00. That payment is paid in two $5,000.00 increments, historically in May and November of each year. The payment is subject to fluctuation, and is not a guaranteed payment. In addition, the defendant receives benefits as a member of the tribe in terms of purchasing gasoline without the imposition of state tax. He may also be eligible for benefits in the event that he decides to purchase a home.
Subsequent to the parties' marriage in February 1997, they separated in September of 1999. There was a brief reconciliation in July of 2000 which lasted only several days. At the time of the separation the plaintiff CT Page 6200 indicates that there was $18,000.00 held by the parties in a bank account. of that money, she paid some to an attorney, used some to purchase furniture, and placed approximately $10,000.00 in trust for her child. The plaintiff indicates that she did this with the knowledge and consent of the defendant which he denies.
After having considered the testimony of the parties and the statutory criteria, the court orders the following:
The marriage of the parties is dissolved.
The plaintiff and the defendant shall have joint legal custody of the minor children. The primary residence of the children shall be with the plaintiff wife. The parties shall consult and confer with each other and share in making all major decisions regarding the minor children. The husband shall have reasonable rights of access to the minor children depending on their schedule. Such access is to include but shall not be limited to Friday through Sunday and alternating Wednesdays from 12:00 p.m. until 5:00 p.m. During the time of his access, the husband shall have the day-to-day responsibility for the children's care.
The defendant shall pay to the plaintiff the sum of $200.00 per week as child support in accordance with the Child Support Guidelines of the State of Connecticut. In addition, he shall pay 30% of his net tribal bonus and any bonus received as a result of his employment. Net shall mean the gross amount of the bonus minus allowable deductions based on his actual income tax status at the time of the payment of the bonus. All payments shall be payable by means of an immediate wage withholding. The defendant shall be obligated to provide to the plaintiff an accounting of any bonus amount or notice that he receives from his employer, or by virtue of his being a tribal member.
Both parties shall continue to maintain their current medical insurance for the benefit of the minor children as available to them without cost through their employment. The defendant shall pay to the plaintiff 58% of any work-related daycare as to the minor children in accordance with the Child Support Guidelines. The defendant shall also pay unreimbursed and uninsured medical expenses in the same proportion provided however that the plaintiff shall pay the first $100.00 per year per child of such cost.
Each party shall maintain the present life insurance policy for the benefit of the minor children as irrevocable beneficiaries until the youngest child reaches the age of 18 years.
Each party shall retain the funds in any checking or savings account in CT Page 6201 their present name. The defendant husband shall be entitled to keep his Mohegan Sun 401K account as listed on his financial affidavit free from any claim by the plaintiff. The plaintiff shall retain her interest in the 401K plan listed on her financial affidavit free of any claim from the defendant.
Neither party shall pay or receive any alimony.
Each party shall be responsible for their respective counsel fees.
 _____________________ ROBAINA, JUDGE